IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTI JORDAN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CRUNCH, LLC,<br><br>Defendant. | Case No. 1:24-cv-7118 (AKH)<br><br>DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS |

Pursuant to the parties' agreement on limited discovery requested by Plaintiff relating to contract formation issues concerning her membership agreement attached to Crunch, LLC's ("Crunch") Amended Motion to Compel Arbitration and to Stay Proceedings (the "Motion"), and pursuant to the Federal Rules of Civil Procedure, Crunch hereby objects and responds to Plaintiff Kristi Jordan's ("Plaintiff") First Set of Discovery Requests ("Requests") served on January 24, 2025. Crunch provides these objections and responses without waiver of the relief sought in its Motion and without waiver of any of its rights, including but not limited to its arbitration rights, in the membership agreement attached to the Motion. Crunch reserves the right to supplement, amend, or correct these objections and responses pending further discovery.

**LIMITED OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Crunch objects to the nearly eight pages of Definitions and Instructions as inconsistent with the parties' agreement on limited discovery relating to contract formation issues regarding the membership agreement identified in Crunch's Motion. Plaintiff's Definitions and Instructions include overbroad and burdensome definitions of, among other things, "Document," "Electronic Records," and "Metadata," and seek to impose burdens inconsistent with the parties' agreement on limited discovery and the parties' agreement that Crunch would respond to these

1

Requests in ten days.

2.      Crunch objects to Definition No. 7 (purporting to define "Crunch, LLC," "Defendant," "You," and/or "Your") because it seeks to impose a duty on Crunch different from or beyond that required by the Federal Rules of Civil Procedure, including that, among other things, the portions of the Definition that purport to include third parties without regard to principal-agency or common law principles. Discovery requests under Federal Rules 33 and 34 may not encompass information of nonparties unless the party seeking production of these materials demonstrates that the requested information in the possession of the nonparty is under the control of the relevant named party. Here, Plaintiff offers no limitations whatsoever in Definition No. 7, nor does she state with particularity, or offer any evidence, that there are any related entities defined within Definition No. 7 under Crunch's control. Accordingly, Crunch's responses will be limited to the non-privileged information and documents in the possession, custody, or control of the entities named as Defendant in this case. Crunch also objects to the "Document" insofar as it is defined to expand the scope of that term as defined in Fed. R. Civ. P. 34(a)(1)(A). Crunch's responses will be limited to non-privileged information/documents in the possession, custody, or control of the entities named as Defendant in this case.

3.      Crunch objects to the use of the word "version" and phrase "each version" used throughout the Requests as vague and undefined. For the purposes of responding to the Requests herein, Crunch interprets the word "version" to mean a form of document that may differ in certain respects from other forms of the same type of document, and interprets the references to "each version" throughout the Requests as a request for each form of a particular document used in the requested time period.

4.      These objections and responses are provided solely for the purpose of objecting and

responding to the Requests and reflect Crunch's current knowledge, understanding, and belief respecting the matters about which inquiry has been made. As discovery in this action proceeds, Crunch may discover additional or different information or documents unrelated to the limited contract formation issues subject to the discovery sought in the Requests. Without in any way obligating itself to do so, Crunch reserves the right to amend, modify, supplement, clarify, or further explain these responses and objections. Crunch reserves the right to produce evidence of any subsequently discovered facts that it may later recall or discover. Furthermore, by responding to these Requests, Crunch does not waive any rights to object to any further inquiry or any effort to compel responses beyond those provided herein.

5. Crunch responds to these Requests as it interprets and understands them. If Plaintiff subsequently asserts an interpretation of any Request that differs from Crunch's understanding, Crunch reserves its right to alter or supplement its objections or responses. Words and terms used in the following responses shall be construed in accordance with their normal meanings and connotations and shall in no way be interpreted as terms of art or statutorily defined terms used in law. Crunch specifically disavows any such meaning or connotation that might be accorded to such terms. Crunch expressly incorporates its Limited Objections into its responses to each of the Requests.

## **INTERROGATORIES**

1. Identify each version of the "Membership Terms & Conditions" that was accessible via the hyperlink described in Paragraph 7 of the Waetzig Declaration at any time between August 1, 2023 and January 2, 2024, along with the dates that each of such version was accessible via such hyperlink.

**RESPONSE:  Subject to its Limited Objections, Crunch states as follows: The form of "Membership Terms & Conditions that is accessible via the hyperlink described in Paragraph 7 of the Waetzig Declaration (the "Hyperlink") when someone signs up for a Crunch membership depends on their address and/or which franchise they chose to join during the sign-up process. For the North Richland franchise, which Plaintiff joined, on or about August 1, 2023, the form of "Membership Terms & Conditions" Bates-stamped JORDAN000001 was accessible via the Hyperlink. That form was accessible until approximately October 12, 2023. Thereafter, and until January 2, 2024, the form of "Membership Terms & Conditions" Bates-stamped JORDAN000011 was accessible via the Hyperlink.**

2. Describe the basis for Your knowledge of the information provided in response to Interrogatory No. 1 (including by Describing Your practices of storing the versions of the "Membership Terms & Conditions" that were accessible via the hyperlink described in Paragraph 7 of the Waetzig Declaration between August 1, 2023 and January 2, 2024, Identifying the repositories of Documents, Electronic Records, or Communications where such versions were stored, and Describing the way in which You identified the dates that each such version was accessible via such hyperlink).

**RESPONSE:  Crunch objects to this Request as calling for information protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Subject to this objection and its Limited Objections, Crunch states as follows: Crunch's knowledge of the information provided in response to Interrogatory No. 1 includes its review of (1) records from its marketing team, including emails with the marketing team, showing when forms of the Membership Terms**

4

**& Conditions were loaded to the Crunch website (the "Website") to be available via the Hyperlink, and (2) its review of database records showing logged events, including uploads to the Website, from Crunch's content management system, here, specifically, events showing when forms of the Membership Terms & Conditions were loaded to the Website to be available via the Hyperlink.**

3. Identify all individuals with knowledge of when the different versions of the "Membership Terms & Conditions" were accessible via the hyperlink described in Paragraph 7 of the Waetzig Declaration between August 1, 2023 and January 2, 2024, as well as the dates that each of those individual versions of the Membership Terms & Conditions were accessible via such hyperlink.

**RESPONSE: Crunch objects to the request for it to identify "all individuals" with the knowledge requested in Interrogatory No. 3 as overbroad and burdensome, as it may include individuals who were copied on communications or participated on calls that otherwise were not involved in the membership process and because the request implicates attorney-client privilege and attorney work product insofar as the Request would include counsel and agent of counsel. Subject to this objection and its Limited Objections, Crunch identifies the following individuals as having knowledge of and assisting in the gathering of the information provided in its Responses to Interrogatories No. 1 and 2: Chad Waetzig; Chris Calarco; Alexa Cutler.**

4. Describe the Communications sent by You to individuals who signed up to reserve a rate on Your website (at the webpage found at https://info.crunch.com/rate-reservations) between August 1, 2023 and January 2, 2024, including by providing the specific text of each email, text message, phone call, or other form of Communication received by individuals who reserved a rate

5

at such webpage during that time period (in other words, Describe of every iteration of any pro forma "template" of any email, text message, phone call, or other form of sent to individuals who reserved a rate via such webpage during that time period).

**RESPONSE: Crunch objects to the request as seeking irrelevant information unrelated to the Motion or the limited discovery agreed to by the parties, or in any way related to the contract formation issues subject to the limited discovery agreed to by the parties. It appears that this Request may have been inadvertently copied from a Request made in the *Pania* matter filed against Crunch and its affiliates.**

5. Describe any changes made to the rate reservation webpage accessible at https://info.crunch.com/rate-reservations in effect at any time between August 1, 2023 and January 2, 2024, and Identify the dates on which any such changes were made. If the rate reservation webpage did not change between August 1, 2023 and January 2, 2024, indicate that in Your response.

**RESPONSE: Crunch objects to the request as seeking irrelevant information unrelated to the Motion or the limited discovery agreed to by the parties, or in any way related to the contract formation issues subject to the limited discovery agreed to by the parties. It appears that this Request may have been inadvertently copied from a Request made in the *Pania* matter filed against Crunch and its affiliates.**

6. Identify all individuals with knowledge of when the different versions of the rate reservation webpage accessible at https://info.crunch.com/rate-reservations were effect at any time between August 1, 2023 and January 2, 2024, and all individuals with knowledge of when the dates on which any changes to that page were made.

**RESPONSE: Crunch objects to the request as seeking irrelevant information unrelated to the Motion or the limited discovery agreed to by the parties, or in any way related to the contract formation issues subject to the limited discovery agreed to by the parties. It appears that this Request may have been inadvertently copied from a Request made in the *Pania* matter filed against Crunch and its affiliates.**

## REQUESTS FOR PRODUCTION

1.  Each version of the "Membership Terms & Conditions" accessible via the hyperlink described in Paragraph 7 of the Waetzig Declaration at any time between August 1, 2023 and January 2, 2024, along with Documents or Electronic Records sufficient to show the dates on which each such version was accessible via such hyperlink.

**RESPONSE: Subject to its Limited Objections, please see the production beginning with Bates label JORDAN000001, and Crunch's responses to Interrogatory Nos. 1 and 2.**

2.  Representative samples of each of the Communications sent by You to individuals who signed up to reserve a rate on Your website (at the webpage found at https://info.crunch.com/rate-reservations) between August 1, 2023 and January 2, 2024 (i.e., copies of every iteration of any pro forma "template" of any email, text message, phone call, or other form of Communication sent to individuals who reserved a rate via such webpage during that time period).

**RESPONSE: Crunch objects to the request as seeking irrelevant information unrelated to the Motion or the limited discovery agreed to by the parties, or in any way related to the contract formation issues subject to the limited discovery agreed to by the parties. It appears that this Request may have been inadvertently copied from a Request made in the *Pania* matter filed against Crunch and its affiliates.**

3.      Screenshots sufficient to show each version of the rate reservation webpage accessible at https://info.crunch.com/rate-reservations in effect at any time between August 1, 2023 and January 2, 2024, along with Documents or Electronic Records sufficient to show the dates on which each such version was accessible via such webpage.

**RESPONSE: Crunch objects to the request as seeking irrelevant information unrelated to the Motion or the limited discovery agreed to by the parties, or in any way related to the contract formation issues subject to the limited discovery agreed to by the parties. It appears that this Request may have been inadvertently copied from a Request made in the *Pania* matter filed against Crunch and its affiliates.**

### REQUEST FOR ADMISSION

1.      Admit that the version of the Terms & Conditions attached hereto as Exhibit A is the version of the Terms & Conditions that was accessible by visitors to the Crunch+ website (www.crunchplus.com) at the time Plaintiff subscribed to the Crunch+ service as alleged in Paragraph 4 of the Waetzig Declaration.

<u>**RESPONSE**</u>: **Crunch objects to the phrase "at the time" as vague and confusing, and interprets it to mean "on the date." Crunch further objects to the phrase "accessible by visitors to the Crunch+ website (www.crunchplus.com)" as vague and confusing insofar as there are a number of links and information "accessible" to those website visitors, and interprets that phrase to mean "accessible at the webpage https://www.crunchplus.com/page/terms-of-service/ on Crunch+ website (www.crunchplus.com)." Subject to that objection and its Limited Objections:**

**Crunch denies that the form of the Terms & Conditions attached to the Requests as Exhibit A is the same form of the Terms & Conditions that was accessible by visitors at**

8

https://www.crunchplus.com/page/terms-of-service/ on the date Plaintiff subscribed to the Crunch+ service as alleged in Paragraph 4 of the Waetzig Declaration, insofar as Exhibit A was printed in a different format and appears to have altered the appearance and form of the Terms & Conditions. Crunch also denies that those Terms & Conditions, which include an effective date of January 1, 2020, were continuously accessible by website visitors at https://www.crunchplus.com/page/terms-of-service/, and notes that the document was updated in 2022.

If the appearance and form of the document attached to the Requests as Exhibit A is not considered in the comparison, Crunch states that the text that appears in the document attached to the Requests as Exhibit A is the same text that appeared in the version of the Terms & Conditions that was accessible at https://www.crunchplus.com/page/terms-of-service/ on the date Plaintiff subscribed to the Crunch+ service as alleged in Paragraph 4 of the Waetzig Declaration.

## **VERIFICATION**

I have reviewed the Responses and Objections to Plaintiffs' Interrogatories. I verify under penalty of perjury, subject to the limits of my personal knowledge, that the information set forth in the responses to Plaintiffs' Interrogatories is true and correct, and reflects reasonable inquiry and analysis, by and through counsel, of available information.

Date: February _____, 2025

_____
Chad Waetzig

By: */s/ Elana H. Somers*
Elana H. Somers
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: elana.somers@sidley.com

Ian M. Ross (*pro hac vice*)
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive
Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101
Email: iross@sidley.com

*Counsel for Defendant Crunch LLC*