IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTI JORDAN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CRUNCH, LLC,<br><br>Defendant. | Case No. 1:24-cv-7118 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CRUNCH, LLC'S
<u>UNOPPOSED MOTION TO STAY PENDING APPEAL</u>**

James R. Horner
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: jhorner@sidley.com

Ian M. Ross (*pro hac vice*)
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive
Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101
Email: iross@sidley.com

*Counsel for Defendant Crunch LLC*

**TABLE OF CONTENTS**

| | Page |
|---|---|
| INTRODUCTION | 1 |
| BACKGROUND | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 3 |

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Coinbase, Inc. v. Bielski*,
   599 U.S. 736 (2023)..................................................................................................1, 2, 3

*Griggs v. Provident Consumer Disc. Co.*,
   459 U.S. 56 (1982).........................................................................................................1, 2

*Kumaran v. Nat'l Futures Ass'n*,
   2024 WL 5381429 (S.D.N.Y. Dec. 20, 2024) ....................................................................3

**Statutes**

9 U.S.C. § 16(a) ......................................................................................................................1, 2

Defendant Crunch, LLC ("Crunch") respectfully submits this memorandum of law in support of its unopposed motion to stay pending appeal.

## INTRODUCTION

Crunch respectfully moves to stay this matter until the conclusion of its appeal of the Court's April 28, 2025 Order, *see* ECF No. 39, under 9 U.S.C. § 16(a). Crunch filed its notice of appeal on March 18, 2024. *See* ECF No. 81. Pursuant to *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), the Court must stay this proceeding in full because Crunch has taken an appeal pursuant to Section 16(a) of the Federal Arbitration Act. *See id.* at 738 ("When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal. *See* 9 U.S.C. § 16(a). The sole question here is whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing. The answer is yes: The district court must stay its proceedings."). Plaintiff does not oppose this motion.[1]

## BACKGROUND

Plaintiff Kristi Jordan filed this action on September 19, 2024. *See* ECF No. 1. Crunch then moved to compel arbitration. *See* ECF No. 18. Pursuant to an agreement between the parties, Crunch's initial motion to compel arbitration was withdrawn without prejudice to renewal. *See* ECF No. 28. Crunch filed its amended motion to compel arbitration on January 17, 2025. *See* ECF No. 29. The Court denied Crunch's amended motion to compel arbitration on April 28, 2025. *See* ECF No. 39. Crunch then filed a notice of appeal of the denial on May 8, 2025. *See* ECF No. 41.

---

[1] Crunch reads *Coinbase* to provide for a self-executing stay and respectfully submits, therefore, that the stay took effect upon the filing of Crunch's notice of appeal. Relying on *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), the Supreme Court held that a party's filing an appeal under Section 16 of the FAA divests a district court of control over the portion of the case involved in the appeal. *Coinbase*, 599 U.S. at 740-41. The Court also repeatedly referred to the stay as "automatic" throughout its opinion. *Id.* at 742-44. Crunch nonetheless files this motion as a precaution.

1

The parties met and conferred prior to the filing of this motion and counsel for Plaintiff stated that Plaintiff did not oppose a stay pending appeal.

## ARGUMENT

Pursuant to the Supreme Court's decision in *Coinbase*, the Court must stay all proceedings in this case, because Plaintiff's claims are "involved in" Crunch's interlocutory appeal. *See* Coinbase, 599 U.S. at 740. In *Coinbase*, the Supreme Court held that a district court must stay its proceedings while an interlocutory appeal on the question of arbitrability is ongoing. 599 U.S. at 738 ("The sole question here is whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal [pursuant to 9 U.S.C. § 16(a)] is ongoing. The answer is yes: The district court must stay its proceedings.").

Citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), the Supreme Court made clear that a stay of district-court proceedings pending an appeal under § 16 is mandatory "over those aspects of the case involved in the appeal." *Coinbase*, 599 U.S. at 740; *id.* at 744 ("In short, the *Griggs* rule requires that a district court stay its proceedings while the interlocutory appeal on the question of arbitrability is ongoing."). Where a decision denying a motion to compel arbitration or stay claims in favor of arbitration is on appeal, "the entire case is essentially 'involved in the appeal.'" *Id.* at 741. The rationale behind the Supreme Court's holding is that if "the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along." *Id.* at 743. As *Coinbase* summarized: "In short, the *Griggs* rule requires that a district court stay its proceedings while the interlocutory appeal on the question of arbitrability is ongoing." *Id.* at 744.

Here, Crunch filed a notice of appeal of the Court's denial of Crunch's motion to compel

2

arbitration of all claims in this case. Accordingly, under *Coinbase*, this Court must stay all proceedings pending resolution of that appeal. *See, e.g.*, *Kumaran v. Nat'l Futures Ass'n*, No. 1:20-cv-03668 (GHW) (SDA), 2024 WL 5381429, at *4 (S.D.N.Y. Dec. 20, 2024) (case should be stayed when "[t]here presently is an interlocutory appeal pending in the Second Circuit regarding the question of arbitrability"), *adopted in relevant part by*, 2025 WL 227801 (S.D.N.Y., Jan. 17, 2025). Indeed, as noted, Plaintiff does not oppose a stay pending appeal.

## CONCLUSION

For the foregoing reasons, Crunch respectfully requests that the Court grants its motion to stay pending appeal.

Dated: May 13, 2025

By: */s/ James R. Horner*
James R. Horner
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: jhorner@sidley.com

Ian M. Ross (*pro hac vice*)
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive
Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101
Email: iross@sidley.com

*Counsel for Defendant Crunch, LLC*

3